IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ME2 PRODUCTIONS, INC. | : | |
| Plaintiff, | : | |
| v. | : | |
| DOES 1-13, | : | CIVIL ACTION NO. |
| | : | 1:16-CV-3904-AT |
| Defendants. | : | |
| ME2 PRODUCTIONS, INC. | : | |
| Plaintiff, | : | |
| v. | : | |
| DOES 1-12, | : | CIVIL ACTION NO. |
| | : | 1:16-CV-4054-AT |
| Defendants. | : | |

## ORDER AND PROTECTIVE ORDER

This matter is before the Court on Plaintiff ME2 Production, Inc.'s ("Plaintiff") motions for expedited discovery filed in two separate lawsuits [Case No. 1:16-cv-3904, Doc. 5; Case No. 1:16-cv-4054, Doc. 4].

### I. MISJOINDER UNDER FED. R. CIV. P. 20

In each action, Plaintiff sues unknown defendants ("John Doe Defendants") for copyright infringement in violation of the United States

Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Plaintiff alleges that the John Doe Defendants acted collectively and interdependently, via the internet, to unlawfully reproduce and distribute Plaintiff's copyrighted film entitled "Mechanic: Resurrection" (the "Movie"). According to Plaintiff, each case shares a common question of law and fact, and thus joining all the unknown defendants into their respective cases is proper.

The Court disagrees for the reasons set forth in *Breaking Glass Pictures, LLC v. Does 1-99*, April 12, 2013 Order (Doc. 6), Case No. 1:13-cv-0882-AT, ("Breaking Glass Order"). The Court finds that these cases are substantially similar to the cases addressed in the Breaking Glass Order.[1] There, the Court severed John Doe defendants because they had been improperly joined under Fed. R. Civ. P. 20(a). The Court incorporates the reasoning identified in the Breaking Glass Order, and severs all but the first John Doe Defendant in each of the above-captioned cases, **DISMISSING WITHOUT PREJUDICE** the claims against the severed defendants. The Court grants Plaintiff's motions for expedited discovery as to the one remaining defendant in each suit, subject to the Protective Order set forth below.

---

[1] The Court notes that while the John Doe Defendants allegedly downloaded the Movie on the same day, they did so at different times, meaning that it seems unlikely that they were in the same "swarm." (*See* Breaking Glass Order at 9-10.) The Court severed *all* of the Breaking Glass defendants even though some of those defendants downloaded the movie at issue in that case on the same day (though, of course, other defendants in that case downloaded the movie months apart). (*See* Case No. 13-cv-0882-AT, Doc. 1-1 at 1.) Even if the John Doe Defendants were part of the same "swarm," the Court would still sever them for the additional reasons outlined in the Breaking Glass Order.

**II. Protective Order**

Subject to the protective order set out herein, Plaintiff may immediately serve a Rule 45 subpoena on the Internet Service Providers ("ISP") listed in Exhibit A to the Complaint to obtain information to identify John Doe 1 in each case, specifically her or his name, address, MAC address, and email address. The disclosure of this information is consistent with the ISPs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides:

> (2) A cable operator may disclose [personally identifiable] information if the disclosure is . . .
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

The subpoena shall have a copy of this order attached;

**IT IS FURTHER ORDERED** that the ISP will have **thirty (30) days** from the date of service of the rule 45 subpoena upon them to serve John Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve John Doe 1 using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service;

**IT IS FURTHER ORDERED** that John Doe 1 shall have **thirty (30) days** from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the

subpoena anonymously. Should John Doe 1 file a motion to quash, motion for protective order, motion to dismiss, or similarly styled motion seeking similar relief, John Doe's information will be withheld from the Plaintiff until after the Court rules on her or his motion. The ISP may not turn over the Doe defendant's identifying information to Plaintiff before the expiration of this 30-day period. Additionally, if either the defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over the defendant's information to Plaintiff until the issues have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion;

**IT IS FURTHER ORDERED** that if that 30-day period lapses without the defendant or ISP contesting the subpoena, the ISP shall have **ten (10) days** to produce the information responsive to the subpoena to Plaintiff. The defendant who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as her or his filing also notify her or his ISP so that the ISP is on notice not to release her/his contact information to Plaintiff until the Court rules on any such motions;

**IT IS FURTHER ORDERED** that an ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that

receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff;

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order, along with the corresponding decision, with any subpoenas issued pursuant to this order to the listed ISP;

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting, investigating and resolving Plaintiff's rights as set forth in its Complaint.

The Plaintiff is **DIRECTED** to designate any actions filed against the severed defendants as "related" to the action from which such defendants were severed, if Plaintiff alleges claims similar to those in the complaints filed here.

The Court **GRANTS** Plaintiff's Motions for Expedited Discovery [Case No. 1:16-cv-3904, Doc. 5; Case No. 1:16-cv-4054, Doc. 4], as modified by the Court's Order and Protective Order set forth herein.

Plaintiff is **DIRECTED** to serve the remaining Defendants in these cases within ninety (90) days of the entry of this Order, or else the Court will dismiss these cases. Fed. R. Civ. P. 4(m). The Clerk is **DIRECTED** to resubmit both of these cases to the Court in ninety (90) days in the event no return of service has been filed.

**IT IS SO ORDERED** this 5th day of December, 2016.

                                                    **AMY TOTENBERG**
                                                    **UNITED STATES DISTRICT JUDGE**